**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jon C. Schwartz, | ) | No. CV 11-08208-PCT-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles O. Pruitt, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it plaintiff's motion for leave to file amended complaint (doc. 36). Defendants did not respond and the time for doing so has passed. Plaintiff seeks to add his wife as a plaintiff and to add a claim for loss of consortium on his wife's behalf.

Plaintiff filed his complaint in the Superior Court of Arizona in Mohave County on November 10, 2011. Defendants removed this action on December 22, 2011. The court held a scheduling conference on March 16, 2012, and issued a Rule 16 scheduling order on March 19, 2012, stating that "Motions to Amend the Complaint, and to join additional parties shall be filed no later than **May 1, 2012**" (doc. 12 at 2 (emphasis in original)). Plaintiff filed the pending motion on August 8, 2012.

Once the district court files a pretrial scheduling order pursuant to Rule 16, Fed. R. Civ. P., establishing a timetable for amending pleadings, Rule 16's standards control consideration of a motion to amend. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). "A schedule may be modified only for good cause and with the judge's consent."

1  Rule 16(b)(4), Fed. R. Civ. P.  This "good cause" standard "primarily considers the diligence
2  of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
3  609 (9th Cir. 1992).  "If [the moving] party was not diligent, the inquiry should end." Id.

4  There is no showing of diligence here sufficient to modify the scheduling order. Plaintiff's request is based on the fact that "[i]t has just recently been brought to [plaintiff's] counsel's attention, by way of discussion with Plaintiff in preparing his responses to Defendants (sic) discovery requests, that Plaintiff Dr. Jon Schwartz is not the only person who suffered injury as a result of Defendants' negligence."  (Doc. 36 at 3-4).  Plaintiff's current lawyer is the same lawyer who filed the complaint on his behalf over nine months ago.  It was surely foreseeable that an accident which severely injured plaintiff would adversely affect his spouse.  Plaintiff is not diligent by waiting until three months after the deadline to amend to discuss the collateral effects of the accident on plaintiff's wife.

**IT IS ORDERED DENYING** plaintiff's motion for leave to file amended complaint (doc. 36).

DATED this 19th day of September, 2012.

Frederick J. Martone
United States District Judge